IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10028
Conference Calendar

_____

CARL WAYNE SIMS,

Plaintiff-Appellant,

versus

WILLIAM G. SMITH; ROCKY L.
STEWART; R. WHITE; K.J. REAGANS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-211
- - - - - - - - - -
August 19, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Carl Wayne Sims, Texas prisoner # 536044, filed a 42 U.S.C. § 1983 complaint against several employees of the Texas Department of Corrections, Institutional Division. Sims alleged that the defendants were deliberately indifferent to his serious medical needs and retaliated against him for reporting his injury as the result of a dangerous condition. The district court dismissed the complaint as frivolous and for failure to state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (e)(2)(B)(ii).

On appeal, Sims argues that the unsafe work condition in the kitchen violates the *Ruiz*[**] decree, that he was given a work assignment in the fields because he filed grievances, that he was wrongly exposed to a known dangerous condition in the prison kitchen, and that the Defendants were deliberately indifferent to his injured knee. We have reviewed the record and perceive no error by the district court. *Sims v. Smith et al.*, No. 2:97-CV-0211 (N.D. Tex. December 23, 1997).

The appeal is without arguable merit and thus frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.

A previous civil rights suit filed by Sims was dismissed as frivolous. *Sims v. Scott et al.*, USDC No. H-95-5311 (S.D. Tex. Aug. 13, 1996). The district court's dismissal of the present case and our dismissal of the appeal constitute strikes two and three against Sims for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Because Sims has three strikes, he may not bring a civil action or appeal as a prisoner proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

---

[**] *Ruiz v. Estelle*, 503 F. Supp. 1265 (S.D. Tex. 1980), *aff'd in part and vacated in part*, 679 F.2d 1115, *amended in part and vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983).

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).